UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER PERROTTI,

    Plaintiff,

v.                                                   Case No. 6:22-cv-1338-RBD-DCI

LOCKHEED MARTIN
CORPORATION,

    Defendant.
_____

## ORDER

Before the Court are Defendant Lockheed Martin Corporation's motion for a determination of the amount of fees due as sanctions against Plaintiff's counsel Morgan & Morgan, P.A., Timothy Michael Morgan, Esq., and Rene F. Rocha, Esq. (collectively, "Morgan & Morgan") (Doc. 88 ("Motion")), U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation on the Motion (Doc. 127 ("R&R")), and Plaintiff's objection to the R&R (Doc. 145 ("Objection")).

This is one of a set of long-running, complex toxic tort cases arising out of emissions from Lockheed's weapons manufacturing facility. When Morgan & Morgan missed their client's expert deadline, this Court entered summary judgment in Lockheed's favor. (Doc. 76.) Morgan & Morgan sought relief from the judgment, urging the Court that "the most extreme sanction" of striking Plaintiff's

untimely expert and entering judgment against her was unwarranted and the Court could alternatively order fees instead. (Doc. 78, p. 16.) The Court took Morgan & Morgan up on its offer, reopening the case to avoid penalizing Plaintiff but ordering fees to sanction her counsel for putting her "within a hair's breadth of costing her the claim of her deceased husband." (Doc. 81, p. 3.) Morgan & Morgan fought Lockheed on the amount of fees, resulting in Lockheed filing the instant Motion. (Doc. 88.) In response, Morgan & Morgan claimed the Court violated due process by awarding fees rather than closing the case—in other words, doing the very thing they urged the Court to do—insisting they should owe no fees at all. (Doc. 89, pp. 6–10.) Judge Irick sidestepped the improperly raised due process issue, closely examined Lockheed's requested fees, and carefully cut them in half. (Doc. 127.) Morgan & Morgan objected, again raising due process and asserting various other errors. (Doc. 127.) Lockheed cut its losses, responding in support of the R&R despite the reduction. (Doc. 155.) This matter is ripe.

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of

the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

After an independent *de novo* review of the record, including the Objection, the Court agrees entirely with Judge Irick's well-reasoned and thorough R&R. Morgan & Morgan identifies several areas of objection, none of which is well-taken.

First is Morgan & Morgan's due process argument. (Doc. 145, pp. 3–5.) To begin, Judge Irick properly refused to consider it. (Doc. 127, pp. 2–3 n.1.) Not only was it outside his remit, which was limited to the amount of sanctions, but a request buried in an opposition is not properly presented. *See Ajjahnon v. Amerilife of N.C., LLC*, No. 6:22-cv-329, 2024 WL 2784843, at *2 (M.D. Fla. May 30, 2024). As Judge Irick noted, the appropriate vehicle for the due process argument would be a motion for reconsideration, but Morgan & Morgan has not sought relief from the Order reopening the case and issuing sanctions—presumably because *they got what they wanted*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (party's failure to avail itself of the "escape hatch" provided by motion for relief from sanctions order renders lack of notice of sanctions "of less consequence").

A district judge need not consider an argument that was not first properly presented to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). All the same, the Court will address the due process issue here

3

because it is meritless. Due process requires only "fair notice" that a party's "conduct may warrant sanctions and the reasons why." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1307 (11th Cir. 2006) (cleaned up). The party subject to sanctions must get the chance to justify its actions. *Id.* The adequacy of notice turns on the party's knowledge of the "consequences of [its] own conduct." *Link*, 370 U.S. at 632. And when circumstances show the party is well-aware of those consequences, specific advance notice and a hearing are unnecessary. *See id.* Assessing fees is "one of the lesser sanctions" and presents lesser due process concerns. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993).

Here, Morgan & Morgan was well-aware that their conduct could subject them to sanctions and why. Time and time again, this Court has excused Morgan & Morgan's missteps for the sake of not harming their clients and warned[1] them[2] consequences would follow. And when Morgan & Morgan whiffed so badly that they lost this client's claim, they urged the Court to sanction them rather than

---

[1] *Henderson v. Lockheed Martin Corp.*, No. 6:21-cv-1363 (M.D. Fla. 2021), Doc. 70, pp. 49:14–50:2 ("[W]hat I need for the plaintiffs to hear from me is you better get on it. . . . [I]t just doesn't seem to me that there's been much effort . . . . [I]t doesn't even seem to me like you've got to first base.").

[2] (Doc. 41, pp. 40:5–16, 67:15–19 ("[T]he point that I take serious issue with is your argument that you tried to land a jumbo jet on a short runway. You didn't have a short runway. You had more than an adequate runway . . . . [Y]ou overflew the runway without paying any attention to it until you got to the last thousand feet. And then, suddenly, it became an emergency. And now here we are dealing with the consequences of the emergency. I'm now looking at the problem of whether or not I'm going to enforce my orders and . . . let the consequences be damned . . . . I expect you all to meet your obligations . . . and I'm not going to be persuaded by equitable arguments later on. If 20, 30, 40, or 60 of the plaintiffs go by the boards, so be it.").)

4

penalizing the client, a frequent[3] refrain[4] of theirs. So when the Court did what Morgan & Morgan explicitly[5] acknowledged[6] was a possibility—what they asked for—their cry of "but due process!" rings hollow. Morgan & Morgan received plenty of notice and all the process they were due.[7] And opening their checkbook is surely preferable to contacting their malpractice carrier.[8]

The Objection's other arguments are similarly unavailing. Morgan & Morgan quibbles with Lockheed not providing affidavits in support, but Judge Irick properly calculated the reasonable rates using what Lockheed provided, the *Johnson* factors, and his own expertise. (Doc. 145, pp. 5–6; *see* Doc. 127, pp. 3–9 (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (court "may form an independent judgment [on fee rates] either with or without the aid of witnesses as to value" (cleaned up))).) Morgan &

---

[3] (Doc. 41, pp. 34:23–35:6 ("[A]t the end of the day, that's our responsibility, right? . . . . [W]e bear that burden. . . . But it shouldn't be our clients. So if there is a sanction, . . . then we should own that.").)

[4] *See Henderson*, Doc. 180, p. 3 ("[C]ounsel . . . is begging the Court for an extension to ensure their clients' claims are not summarily dismissed.").

[5] (Doc. 78, p. 16 ("Even if sanctions are warranted, Rule 37(c)(1) provides a range of possible sanctions, and the most extreme sanction of exclusion is not justified. . . . [I]nstead of exclusion the court [] may order payment of the reasonable expenses, including attorney's fees . . . ." (cleaned up)).)

[6] (Doc. 78, p. 23 (Morgan & Morgan urging that Lockheed "even conceded that lesser sanctions were within this Court's discretion, acknowledging that courts sometimes impose Rule 16(f) sanctions [including] fee awards" in lieu of dismissal (cleaned up)).)

[7] (*See also* Doc. 31, p. 2 & n.4 (citing *Link*, 370 U.S. at 629–30) ("[T]he Court will diligently enforce this CMSO, and . . . sanction parties and attorneys who violate the letter or spirit of the Court's Rules and Orders.").)

[8] (*See* Doc. 41, p. 35:8–11 ("THE COURT: Well, your clients are going to need, maybe, to contact your insurer." "MR. MORGAN: That's true.").)

Morgan also argues that the Court's finding of no bad faith means the fees should be reduced, but Rule 16(f) sanctions do not require a finding of bad faith. (Doc. 145, pp. 6–7); *see Giovanno v. Fabec*, 804 F.3d 1361, 1366 n.5 (11th Cir. 2015). Next, Morgan & Morgan objects that the fees should be reduced because, essentially, Lockheed "lost" and the Court granted their motion to reopen. (Doc. 145, pp. 7–9.) Nonsense. To the extent that Morgan & Morgan "won" that motion—one necessitated by their own screwup—it was by the skin of their teeth, and Lockheed's opposition was well-founded. (Doc. 81, p. 2 ("[T]he Court is not ignorant of the prejudice to Lockheed in making this decision.").) But in any event, contrary to Morgan & Morgan's assertion, Judge Irick did carefully consider any excessive or redundant fees and reduced them accordingly, nearly halving the fees requested. (Doc. 127, pp. 10–13); *see Norman*, 836 F.2d at 1302 (reduction appropriate for limited success and award must only be "not excessive"). So Plaintiff's Objection is meritless in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 145) is **OVERRULED**.

2. The R&R (Doc. 127) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Lockheed's Motion (Doc. 88) is **GRANTED** to the extent that Lockheed is **AWARDED** $51,010.00 in fees from Morgan & Morgan,

6

P.A., Timothy Michael Morgan, Esq., and Rene F. Rocha, Esq. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 20, 2025.



ROY B. DALTON, JR.
United States District Judge